Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**     COMPLAINT
**EASTERN DISTRICT OF NEW YORK**     JURY TRIAL DEMANDED
                                      Case No.: 21-cv-7078

DANIEL PINA MACEDO,

            *Plaintiff*,

-against-

ABBG BAGELS INC. D/B/A CONEY
ISLAND BAGELS, GURBINDER SINGH
and ANKUSH SAINI a/k/a JOHN SAINI

            *Defendants.*
---------------------------------------------------------X

       DANIEL PINA MACEDO ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., and as against ABBG BAGELS INC. D/B/A CONEY ISLAND BAGELS, GURBINDER SINGH and ANKUSH SAINI A/K/A JOHN SAINI (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

       1.      Plaintiff is a former employee of a restaurant owned and operated by the Defendants GURBINDER SINGH, ANKUSH SAINI A/K/A JOHN SAINI, and ABBG BAGELS d/b/a Coney Island Bagels at 2829 Coney Island Ave Brooklyn, NY 11235.

       2.      Plaintiff was employed by Defendants as a counterman, cashier, kitchen worker, baker and general laborer.

1

3. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours he worked each week.

4. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and minimum and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

7. Plaintiff DANIEL PINA MACEDO ("Plaintiff MACEDO") is an adult individual residing in Kings County, New York. Plaintiff MACEDO was employed by Defendants at Coney Island Bagels from 2014 until approximately June 2021.

8. ABBG BAGELS INC. D/B/A CONEY ISLAND BAGELS is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 2829 Coney Island Ave Brooklyn, NY 11235.

9. Defendant GURBINDER SINGH is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant GURBINDER SINGH is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

10. Defendant GURBINDER SINGH possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

11. Defendant GURBINDER SINGH is the owner of ABBG BAGELS INC. D/B/A CONEY ISLAND BAGELS and the president of the corporation.

12. Defendant GURBINDER SINGH had the power to hire and fire employees at CONEY ISLAND BAGELS, including Plaintiff.

13. Defendant GURBINDER SINGH had the final word on all business decisions at CONEY ISLAND BAGELS including which contracts to enter into on behalf of the business.

14. Defendant GURBINDER SINGH reviewed and controlled the financial records at ABBG BAGELS INC. D/B/A CONEY ISLAND BAGELS including payroll records and documents recording Plaintiff's wages and hours worked.

15. Defendant ANKUSH SAINI A/K/A JOHN SAINI is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ANKUSH SAINI A/K/A JOHN SAINI is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

16. Defendant ANKUSH SAINI A/K/A JOHN SAINI possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

17. Defendant ANKUSH SAINI is an owner of ABBG BAGELS INC. D/B/A CONEY ISLAND BAGELS.

18. Defendant ANKUSH SAINI was the general manager at Coney Island Bagels and represented himself as such to the Plaintiff.

19. Defendant ANKUSH SAINI A/K/A JOHN SAINI had the power to hire and fire employees, supervised the hiring and firing of employees and dictated other terms of their employment at ABBG BAGELS INC. D/B/A CONEY ISLAND BAGELS.

20. Defendant ANKUSH SAINI A/K/A JOHN SAINI issued payment to Plaintiff.

21. Defendant ANKUSH SAINI A/K/A JOHN SAINI supervised Plaintiff on a regular basis at work.

22. Defendant ANKUSH SAINI A/K/A JOHN SAINI had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of Coney Island Bagels and in fact did so.

23. Defendant ANKUSH SAINI actively hired and fired of employees.

24. Defendant ANKUSH SAINI established and monitored Plaintiff's work schedule.

25. Defendant ANKUSH SAINI determined the rates of pay of employees and dictated other terms of their employment at ABBG BAGELS INC. D/B/A CONEY ISLAND BAGELS.

## FACTUAL ALLEGATIONS

26. Defendants are associated and joint employers, act in the interest of each other.

27. Defendants share common operations and acted jointly in the operation of Coney Island Bagels.

28. Each Defendant possessed substantial control over Plaintiff's working conditions, and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

29. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

30. In the alternative, Defendants constitute a single employer of Plaintiff.

31. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

32. Upon information and belief, in each year from 2017 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. Defendants were each experienced business owners in the hospitality industry and had full knowledge of the pay and notice requirements under federal and state law.

34. Defendants failed to honor the requirements of federal and state law willfully and maliciously as to the manner in which they paid Plaintiff.

35. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at both Coney Island Bagels, such as bagels, vegetables, flour, eggs, milk, meats, and beverages, cleaning supplies, were produced outside the State of New York.

36. Likewise, Plaintiff was individual engaged in interstate commerce. Plaintiff Macedo regularly processed credit card sales at the counter and over the phone for the Defendants.

37. Defendants employed more than 11 employees at all relevant times.

*Plaintiff DANIEL MACEDO*

38. Plaintiff MACEDO was employed by Defendants at Coney Island Bagels from 2014 until June 2021.

39. Throughout his employment with defendants, Plaintiff MACEDO was employed at Coney Island Bagels as a counterman and kitchen worker.

40. Plaintiff MACEDO's work duties required neither discretion nor independent judgment.

41. Plaintiff MACEDO was closely supervised and directed by Defendants in the scope of his tasks.

42. Plaintiff MACEDO regularly worked in excess of 40 hours per week.

43. Between 2014 and approximately April 2021, Plaintiff MACEDO typically worked seven (7) days a week from 5:00 A.M. until between 3:00 P.M. and 4:00 P.M.

44. From approximately May 2021 until June 2021, Plaintiff worked seven (7) days per week at the following scheduling

    i. Monday – 5:00 A.M. to 1:00 P.M. and 4:00 P.M.

    ii. Tuesday - 5:00 A.M. to 1:00 P.M. and 4:00 P.M.

    iii. Wednesday - 5:00 A.M. to 1:00 P.M. and 4:00 P.M.

    iv. Thursday - 5:00 A.M. to 1:00 P.M. and 4:00 P.M.

    v. Friday - 5:00 A.M. to 1:00 P.M.

    vi. Saturday - 5:00 A.M. to 12:00 P.M.

    vii. Sunday - 5:00 A.M. to 12:00 P.M.

45. The Defendants paid the Plaintiff at the following hourly rates without a premium for his overtime hours:

    i. 2014 – $12.50

    ii. 2015 – $12.50

    iii. 2016 – $13.00

    iv. 2017 – $13.50

    v. 2018 – $14.00

    vi. 2019 – $14.50

    vii. 2020 – $15.00

    viii. 2021 - $15.50

46. Defendants never provided Plaintiff MACEDO with each payment of wages a proper statement of wages, as required by NYLL 195(3).

47. Defendants never provided Plaintiff MACEDO, a proper notice in English and in Spanish (Plaintiff MACEDO's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

48. Defendant never issued Plaintiff spread of hours payments for shifts when Plaintiff worked over ten (10) hours in a 24 hour period.

## **FIRST CAUSE OF ACTION**

### **VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

51. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

52. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

53. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54. At all times relevant to this action, Defendants were Plaintiff MACEDO'S employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff MACEDO, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

55. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

56. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

57. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

58. Defendants' failure to pay Plaintiff MACEDO at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

59. Plaintiff MACEDO was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

62. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

63. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

64. Plaintiff MACEDO repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff MACEDO's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

66. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff MACEDO less than the minimum wage.

67. Defendants' failure to pay Plaintiff MACEDO the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

68. Plaintiff MACEDO was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

71. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

72. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

75. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

10

## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

76. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

77. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

78. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime wage provisions of and associated rules and regulations under the FLSA and NYLL as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA and NYLL with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA

11

as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of and rules and orders promulgated under the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiff;

(i) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(l) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(n)     Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
       December 22nd, 2021

By:     /s/ Colin Mulholland
        Colin Mulholland, Esq.
        30-97 Steinway, Ste. 301-A
        Astoria, New York 11103
        Telephone: (347) 687-2019
        *Attorney for Plaintiff*